Seyfarth Shaw LLP
Jonathan L. Brophy (SBN 245223)
E-mail:  jbrophy@seyfarth.com
Romtin  Parvaresh (SBN 301554)
E-mail:  rparvaresh@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
THE TJX COMPANIES, INC. and
HOMEGOODS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJA SPAENY,<br><br>Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES, INC., a Delaware Corporation; HOMEGOODS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.   2:21-cv-6649<br><br>**DEFENDANTS HOMEGOODS, INC. AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Los Angeles Superior Court Case No. 21VECV00892]<br><br>Complaint Filed:  July 7, 2021<br>Trial Date:        None set |

73803145v.2

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF REJA SPAENY AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants HomeGoods, Inc. ("HomeGoods") and The TJX Companies, Inc. ("TJX") (collectively "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. § 1332). This removal is proper for the following reasons:

**I.    BACKGROUND**

1.      On July 7, 2021, Plaintiff Reja Spaeny ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles entitled *Reja Spaeny, Plaintiff, v. The TJX Companies, Inc., a Delaware Corporation; HOMEGOODS, INC., a Delaware Corporation, and DOES 1 through 20, inclusive, Defendants*, Case No. 21VECV00892 (the "Complaint").

2.      The Complaint asserts eight causes of action against Defendants: (1) "Violation of Gov't Code § 12940(a) – Discrimination on the Basis of Age, Disability, Etc."; (2) "Violation of Gov't Code § 12940(k) – Failure to Prevent Discrimination, Harassment and Retaliation"; (3) "Violation of Gov't Code § 12940(h) – Retaliation"; (4) "Wrongful Termination in Violation of Public Policy"; (5) "Intentional Infliction of Emotional Distress"; (6) "Negligent Hiring, Retention, Training and Supervision"; (7) "Negligent Infliction of Emotional Distress"; and (8) "Violation of California Business and Professions Code §§ 17200 et seq."

3.      On July 19, 2021, HomeGoods' registered agent for service of process received, via process server, the Summons; the Complaint; the Civil Cover Sheet; the Civil Case Cover Sheet Addendum and Statement of Location; the Notice of Case Assignment; the Notice of Case Management Conference; the Alternative Dispute Resolution Information Package; the Voluntary Efficient Litigation Stipulations; and forms for Stipulation – Early Organization Meeting, Informal Discovery Conference,

DEFENDANTS' NOTICE OF REMOVAL

73803145v.2

Stipulation – Discovery Resolution, and Stipulation and Order – Motions In Limine. A true and correct copy of the packet received by HomeGoods is attached as **Exhibit A.**

4.      TJX has not been served but consents to the filing of this Notice of Removal.

5.      On August 16, 2021, Defendants timely filed their Answer to Plaintiff's Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer filed is attached as **Exhibit B.**

6.      Defendants have not filed or received any other pleadings or papers, other than the pleadings described as **Exhibits A** and **B** in this action prior to filing this Notice of Removal. (Declaration of Jonathan L. Brophy ("Brophy Decl."), ¶ 2.)

## II.      TIMELINESS OF REMOVAL

7.      The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("We have also emphasized that a defendant does not have a duty of inquiry if the initial pleading or other document is indeterminate with respect to removability. Accordingly, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."; citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005).)

8.      This Notice of Removal is timely because it is filed within thirty (30) days of HomeGoods' receipt of the Summons and Complaint on July 19, 2021. 28 U.S.C.

73803145v.2

§ 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.")

## III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

9.     The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a), as it is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

### A.     Plaintiff Is A Citizen Of California

10.     Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. As alleged in the Complaint, Defendants employed Plaintiff at a HomeGoods retail location in Tarzana, California. (Ex. A, Compl., ¶ 13.)

11.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intent to remain indefinitely. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

12.     HomeGoods' review of Plaintiff's personnel file and public records reveals that Plaintiff resides in California. (Declaration of W. Alex Koch ("Koch Decl."), ¶ 6; Brophy Decl., ¶ 9; Exhibit 5.)

13.     As alleged in the Complaint, Plaintiff "resid[es] in the County of Los Angeles, State of California." (Ex. A, Compl., ¶ 1.)

14.     Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

### B.     Defendants Are Not Citizens Of California

15.     Plaintiff alleges that Defendants are Delaware corporations. (Ex. A, Compl., ¶¶ 2-3.)

3

16.    Defendants are now, and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized and incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.,* 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

17.    The United States Supreme Court in *The Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) ("*Hertz*"), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.,* **the "nerve center"** ....

*Hertz*, 559 U.S. at 92-93 (emphasis added).

18.    Defendants are now, and ever since this action commenced have been , incorporated under the laws of the State of Delaware. (Declaration of Joan Meltzer ("Meltzer Decl."), ¶¶ 5, 7.) Furthermore, as shown below, Defendants' principal places of business are, and have been at all times since this action commenced, located in the Commonwealth of Massachusetts. (Meltzer Decl., ¶¶ 6, 8.)

19.    Pursuant to *Davis,* 557 F.3d at 1028 and *Hertz*, 559 U.S. at 92-93, Defendants' principal places of business are Massachusetts because their "nerve centers" are located in that state. Defendants' corporate headquarters are located in Framingham, Massachusetts where their high level officers direct, control, and coordinate their activities. (Meltzer Decl., ¶¶ 6, 8.) Defendants' high level corporate officers maintain offices in Framingham, and many of their corporate level functions are performed in the Framingham offices. (Meltzer Decl., ¶¶ 6, 8.)  Additionally, many of Defendants' executive and administrative functions, including corporate finance and accounting, are

4

1    directed from the Framingham offices. (Meltzer Decl., ¶¶ 6, 8.)

2        20.    Therefore, for purposes of diversity of citizenship, Defendants are, and have

3    been at all times since this action commenced, citizens of the State of Delaware and

4    Commonwealth of Massachusetts.

5        **C.    Doe Defendants' Citizenship May Be Disregarded**

6        21.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown

7    defendants should be disregarded for purposes of establishing removal jurisdiction under

8    28 U.S.C. § 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980)

9    (unnamed defendants are not required to join in a removal petition). Thus, the existence

10   of Doe Defendants 1 through 20 does not deprive this Court of jurisdiction.

11   **IV.    AMOUNT IN CONTROVERSY**

12       22.    While Defendants deny any liability as to Plaintiff's claims, the amount in

13   controversy requirement is satisfied because "it is more likely than not" that the amount

14   exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*,

15   102 F.3d 398, 403-04 (9th Cir. 1996) ("the defendant must provide evidence establishing

16   that it is 'more likely than not' that the amount in controversy exceeds [the threshold]

17   amount." (internal citation omitted)). As the Ninth Circuit explains, "the amount-in-

18   controversy inquiry in the removal context is not confined to the face of the complaint."

19   *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that courts may

20   consider facts presented in the removal petition). In determining the amount in

21   controversy, courts must consider the aggregate of general damages, special damages,

22   punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

23   (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in

24   controversy, regardless of whether such an award is discretionary or mandatory); *see also*

25   *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir.

26   1972).

27       23.    Where a complaint does not allege a specific amount in damages, as here,

28   the removing defendant bears the burden of proving by a **preponderance of the**

DEFENDANTS' NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11

**evidence** that the amount in controversy exceeds the statutory minimum. 28 U.S.C. § 1446(c)(2)(B); *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard"). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez*, 102 F.3d at 404 ("[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

12
13
14

24.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15
16
17
18
19
20

25.    The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is **not** obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted; emphasis in original); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

21
22
23
24
25
26
27
28

26.    It is well settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007). But equally as important, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez*, 728 F.3d at 981 (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007)

73803145v.2

(holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

27.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.**

A.     **Plaintiff's Claims Establish The Amount In Controversy**

28.     Plaintiff claims in her Complaint that she "has suffered and will suffer … lost past and future income and employment benefits, damage to her career, … lost wages, overtime, unpaid expenses, and penalties" in addition to "psychological and emotional distress, humiliation, and mental and physical pain and anguish." (Ex. A, Compl., ¶¶ 28-29.) Plaintiff further claims punitive damages, attorneys' fees, interest, and costs of suit. (Ex. A, Compl., Prayer for Relief, ¶¶ 5-7.) Thus, it is more likely than not that the amount in controversy exceeds $75,000.

B.     **Compensatory Damages**

29.     Defendants allegedly employed Plaintiff until approximately September 2019. (Ex. A, Compl., ¶ 13.) As a result of the alleged wrongful conduct, Plaintiff alleges that she "has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties …" (Ex. A, Compl., ¶ 28; *see also id.*, ¶¶ 38, 49, 61, 70, 80, 98.)

30.     ***Plaintiff's Income Establishes the Amount in Controversy.*** At the time of her termination, Plaintiff was a Merchandise Coordinator and earned an hourly wage not less than $14.25. (Koch Decl., ¶ 5.) If Plaintiff worked fulltime for 40 regular hours per week, she would earn $570 per week. Assuming this matter goes to trial one year after its

7

73803145v.2

July 7, 2021 filing, and Plaintiff remains unemployed for a total of 144 weeks (amount of weeks between September 30, 2019 to July 7, 2022), Plaintiff's lost income alone would equal approximately $82,080 ($570 per week x 144 weeks), excluding the value of additional employee benefits. This amount of lost income, combined with Plaintiff's other damages, including emotional distress, attorneys' fees, and punitive damages, establishes that the amount in controversy easily exceeds $75,000.

31.     ***Plaintiff's Claims Likely Exceed the Amount in Controversy.*** Plaintiff asserts eight claims—three under California's Fair Employment & Housing Act ("FEHA"); two for emotional distress; one for wrongful discharge; one for negligence; and one for unfair competition—which stem from alleged disability and age discrimination.

32.     Should Plaintiff prevail at trial, it is more likely than not that she would recover more than $75,000 in damages, as there have been in recent years several verdicts in disability discrimination in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Quiroz v. Ralphs Grocery Company*, 2012 WL 3745798 (L.A. County Sup. Ct.) (award of $490,356 to employee who was terminated after a second knee surgery resulting from an industrial injury in disability discrimination action); *Siglin v. Carden Whittier School, Inc.*, 2012 WL 1798892 (L.A. County Sup. Ct.) (award of $323,985 to employee who was terminated after returning from a medical leave of absence); *Polk v. Metro. Transp. Auth.*, 2012 WL 864463 (L.A. County Sup. Ct.) (award of $250,000 to former employee where company failed to engage in interactive process); *Dickinson v. Allstate Ins. Co.*, 2011 WL 4048838 (Orange County Sup. Ct.) (award of $341,322 to employee in disability discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (award of $500,000 to employee in disability action); *Peacock v. Quest Diagnostics,* 2010 WL 6806990 (C.D. Cal.) (award of $229,638 to employee for discriminatory termination in violation of the California Family Rights Act); *Li v. Wyndham Vacation Ownership, Inc.*, 2010 WL 4111579 (Contra Costa County Sup. Ct.) ($346,000 jury verdict awarded to employee who was

demoted and replaced, and who ultimately resigned after going on medical leave); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (L.A. County Sup. Ct.) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Jadwin v. County of Kern,* 2009 WL 2837507 (E.D. Cal.) (award of $505,457 to employee disability discrimination and violation of California Family Rights Act action); *Cosby v. City of Orange,* 2008 WL 2101526 (Orange County Sup. Ct.) (jury verdict awarding $216,575 where employee was terminated upon returning from protected medical leave); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108 (L.A. County Sup. Ct.) (award of $173,056 to employee who brought action based on disability and age discrimination against employer who wrongfully terminated her); *Shay v. TG Constr., Inc.*, 2002 WL 31415020 (Ventura County Sup. Ct.) (award of $462,500 to employee wrongfully terminated on basis of disability).

33.    Plaintiff's allegations that she was discriminated against because of her disability and age are similar to the issues in these cases. Defendants have attached these verdicts as **Exhibit 1** to the concurrently filed Declaration of Jonathan L. Brophy for the Court's review.

### C.    Emotional Distress Damages

34.    As noted above, Plaintiff also claims damages for emotional distress. (Ex. A, Compl., ¶¶ 29, 39, 50, 62, 71, 79, 85, 97.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination and similar cases commonly exceed $75,000. *See Betson*, *supra*, 2011 WL 3606913 (pain and suffering award of $500,000 to employee in disability harassment action); *Vaughn v. CNA Cas. of Cal.*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (L.A. County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee denied reinstatement despite request for reasonable accommodation for disability); *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los

9

Angeles County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee terminated after requesting accommodation for disability); *Cal. Dep't of Fair Employment and Hous. v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury awarded $300,000 for emotional distress damages in an alleged failure to accommodate and disability discrimination case).

35.     Plaintiff's allegations that she was discriminated against and discharged because of disability and age are similar to the issues in these cases. Defendants have attached these verdicts as **Exhibit 2** to the concurrently filed Declaration of Jonathan L. Brophy for the Court's review.

      **D.     Attorneys' Fees And Costs**

36.     Plaintiff also claims that she is entitled to attorneys' fees and costs (Ex. A, Compl., ¶¶ 34, 42, 53, 65, 74, 103; Prayer for Relief, ¶ 7.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Recently, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

37.     Under California Government Code § 12965(b), courts may in their discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that courts "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v.*

10

1   *Board of Trs. Of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

2         38.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases

3   involving claims similar to Plaintiff's claims. *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010

4   WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of

5   $159,762.50 in alleged discrimination case); *Davis v. Robert Bosch Tool Corp.*, 2007 WL

6   2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6

7   million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego

8   County Sup. Ct.) (attorney's fees award of $490,000 for claims including discrimination);

9   *McMillian v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct.)

10  ($504,926 in attorneys' fees awarded in race discrimination case); *Wooley v. Jack in the

11  Box Restaurant*, 2002 WL 31118460 (C.D. Cal.) ($160,293 in attorneys' fees awarded in

12  race discrimination case). Defendants have attached these awards as **Exhibit 3** to the

13  concurrently filed Declaration of Jonathan L. Brophy for the Court's review.

14        39.    Based on defense counsel's experience, attorneys' fees in employment

15  discrimination cases often exceed $75,000.  It is more likely than not that the fees in this

16  case will exceed $75,000 through discovery and a summary judgment hearing, and the

17  fees would certainly exceed $75,000 if the case proceeds to trial.  (Brophy Decl., ¶ 7.)

18        40.    Defendants anticipate that in addition to having already prepared the

19  Complaint, Plaintiff's attorneys in this case will have to engage in the following activities

20  to litigate this matter: prepare Plaintiff for deposition; defend Plaintiff's deposition;

21  prepare and respond to written discovery; prepare for and take depositions of defense

22  witnesses; and oppose a motion for summary judgment.  (Brophy Decl., ¶¶ 6-7.)  Based

23  on defense counsel's experience, attorneys' fees in employment wrongful termination or

24  discrimination cases for these types of activities would exceed $75,000.  *See id.*

25      **E.**    **Punitive Damages**

26        41.    Finally, the Court must also consider Plaintiff's request for punitive damages

27  in determining the amount in controversy.  (Ex. A, Compl., ¶¶ 30, 40-41, 51-52, 63-64,

28  72-73, 81-82, 88; Prayer for Relief ¶ 5.)

DEFENDANTS' NOTICE OF REMOVAL

73803145v.2

42.     A request for punitive damages must be taken into account for purposes of determining the amount in controversy where such damages are recoverable under state law.  *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages must be taken into account where recoverable under state law).  A court may consider the aggregate value of claims for compensatory and punitive damages. *See Bell v. Preferred Life Ass'n Soc'y of Montgomery, Ala..*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount") (footnote omitted).

43.     Here, an award of punitive damages would by itself more likely than not exceed $75,000. Plaintiff's former employer is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g.*, *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award …. That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors …." (internal citations omitted). Therefore, Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy.

44.     Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination and retaliation cases. *See Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in a discrimination case); *Green vs. Las Flores Convalescent*

12

73803145v.2

*Hosp.*, 2008 WL 7950709 (Los Angeles Sup. Ct.) (punitive damages award of $1,237,086.00 in retaliation claim); *Bulow, M.D. v. N. Cnty. Ob-Gyn Med. Grp. Inc.*, 2008 WL 2185091 (Unknown Cal. Sup. Ct.) (award of $105,000 for punitive damages on retaliation claim). Defendants have attached a sampling of these verdicts as **Exhibit 4** to the Declaration of Jonathan L. Brophy for the Court's review.

45. Based upon the allegations contained in Plaintiff's Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1). This action is therefore proper for removal to this Court.

## V.   VENUE

46. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), 1441 and 1446(a).  This action originally was brought in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c). Further, as discussed above, Plaintiff is a citizen of California, residing in the County of Los Angeles. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The County of Los Angeles is located within the jurisdiction of the United States District Court, Central District of California, Western Division. 28 U.S.C. § 84(c)(2).

## VI.   NOTICE OF REMOVAL

47. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VII.   PRAYER FOR REMOVAL

48. WHEREFORE, Defendants pray that this civil action be removed from the

13

73803145v.2

1   Superior Court of the State of California, County of Los Angeles to the United States

2   District Court for the Central District of California.

3   DATED: August 17, 2021                      SEYFARTH SHAW LLP

4

5                                          By: */s/ Romtin Parvaresh*

6                                              Jonathan L. Brophy
                                               Romtin  Parvaresh
7                                              Attorneys for Defendant
                                               THE TJX COMPANIES, INC. and
8                                              HOMEGOODS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

73803145v.2