# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
07/19/2021
CT Log Number 539927895

TO:   Debra David, Paralegal
      The TJX Companies, Inc.
      770 Cochituate Rd
      Framingham, MA 01701-4666

RE:   **Process Served in California**

FOR:  HomeGoods, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | REJA SPAENY, PLTF. vs. THE TJX COMPANIES, INC., ETC., ET AL., DFTS. // To: HomeGoods, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21VECV00892 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/19/2021 at 16:32 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/20/2021, Expected Purge Date: 07/25/2021 |
| | Image SOP |
| | Email Notification,  Debra David  debra_david@tjx.com |
| | Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Mon, Jul 19, 2021

**Server Name:**            Victor Mendez

Entity Served              HOMEGOODS, INC.

Case Number              21VECV00892

Jurisdiction                CA



Electronically FILED by Superior Court of California, County of Los Angeles on 07/07/2021 04:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE TJX COMPANIES, INC., a Delaware Corporation; HOMEGOODS, INC., a Delaware Corporation; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REJA SPAENY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*  Van Nuys Courthouse East<br>6230 Sylmar Ave.<br>Van Nuys, CA 91401 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Annie Berlin, Esq.; 11755 Wilshire Blvd., Suite 1600, Los Angeles, CA 90025; (310) 914-4999 (see Attachment 1)

| DATE:<br>*(Fecha)* 07/07/2021 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy<br>*(Secretario)*   A. Salcedo   *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.

2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*  Homegoods, Inc., a Delaware Corporation

under: [X] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)           [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Spaeny v. The TJX Companies, Inc., et al. | |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

George G. Braunstein, Esq. (SBN 134602)
Clark Anthony Braunstein, Esq. (SBN 278023)
Annie Berlin, Esq. (SBN 290508)
Braunstein & Braunstein, P.C.
11755 Wilshire Blvd., Suite 1600
Los Angeles, CA 90025
Telephone: (310) 914-4999
Email: service@braunsteinpc.com

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Bernie LaForteza

Electronically FILED by Superior Court of California, County of Los Angeles on 07/07/2021 04:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo,Deputy Clerk

George Braunstein, Esq. (SBN 134602)
Clark Anthony Braunstein, Esq. (SBN 278023)
Annie Berlin, Esq. (SBN 290508)
BRAUNSTEIN & BRAUNSTEIN, P.C.
11755 Wilshire Blvd., Suite 1600
Los Angeles, California 90025
Website: http://www.braunsteinpc.com
Telephone: (310) 914-4999
Electronic Service Address: service@braunsteinpc.com

Attorneys for Plaintiff, Reja Spaeny

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| REJA SPAENY, | Case No.: |
| *Plaintiff,* | **COMPLAINT FOR DAMAGES** |
| v. | |
| The TJX Companies, Inc., a Delaware Corporation; HOMEGOODS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive; | |
| *Defendants.* | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Reja Spaeny alleges as follows:

**PARTIES**

1.  Plaintiff Reja Spaeny ("Plaintiff") is an individual residing in the County of Los Angeles, State of California.

2.  Defendant The TJX Companies, Inc. ("TJX"), was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout the County of Los Angeles and the State of California.

3.  Defendant HomeGoods, Inc. ("HomeGoods"), was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout the County of Los Angeles and the State of California. HomeGoods, a place of business where the following causes of action took place, was and is in the County of Los Angeles, at 5530 N. Reseda Boulevard, California.

4.  Plaintiff is informed and believes and, on that basis, alleges HomeGoods is a wholly owned subsidiary of TJX, and utilize the same standardized employment forms and issue the same employment policies and practices.

5.  Plaintiff is ignorant of the true names or capacities of defendants sued herein as Does 1 through 20, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and, on that basis, alleges that each defendant designated by such fictitious names is in some way responsible for the obligations, events, acts, omissions, conduct, wrongdoing, injuries and damages hereinafter alleged. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

6.  Plaintiff is informed and believes and, on that basis, alleges that at all times mentioned herein, each of the Defendants, including those named fictitiously, was and now is the agent, servant, employee, representative and alter ego of the remaining Defendants and was at all times mentioned in this Complaint, acting within the course and scope of his authority as such

1  agent, servant, employee, representative and alter ego, with permission and consent of the
2  remaining Defendants.

3        7.      Plaintiff is informed and believes and, on that basis, alleges that each of the
4  Defendants was, at all times herein mentioned, acting in concert with, aiding and abetting, and
5  acting in conspiracy with, each and every one of the remaining Defendants.

6        8.      Plaintiff is informed and believes and, on that basis, alleges that each of said
7  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,
8  omissions, occurrences, and transactions alleged herein.

9        9.      Plaintiff is informed and believes and, on that basis, alleges that at all times
10  Defendant was an employer as defined in the California Fair Employment and Housing Act
11  ("FEHA"), Government Code section 12900 *et seq.*, in that they employed the minimum or more
12  than the minimum number of employees in the State of California to be classified as an employer.
13  Plaintiff is further informed and believes that Defendants were agents, representatives, and
14  employees of each and every defendant at all relevant times and the acts committed were done
15  within the scope of employment or ratified by Defendants.

16                              **JURISDICTION AND VENUE**

17        10.     This Court has personal jurisdiction over Defendants pursuant to California Code of
18  Civil Procedure section 410.10 because Defendants are residents of the State of California, incurred
19  their obligations in the state and derived substantial benefits and revenues from their conduct in the
20  state.

21        11.     Venue is proper in this judicial district pursuant to California code of Civil Procedure
22  sections 395 and 395.5 because Defendants transact business in the city of Tarzana, and in the
23  county of Los Angeles, and it is where Defendants' obligations and liability arose.  Venue is also
24  proper pursuant to California Government Code section 12965(b) as Plaintiff's work was located in
25  and the majority of unlawful actions on the part of Defendants occurred in the city of Tarzana and
26  in the county of Los Angeles.

27  //
28  //

1    **ADMINISTRATIVE COMPLAINT AND ISSUANCE OF RIGHT TO SUE**

2        12.    Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a

3    timely administrative complaint with the Department of Fair Employment and Housing ("DFEH")

4    and receiving a DFEH Right-to-Sue letter on July 8, 2020.  Plaintiff has therefore filed suit within

5    one year of the issuance of the right to sue notice for the claims presented under the Fair

6    Employment and Housing Act ("FEHA").

7        **GENERAL FACTUAL ALLEGATIONS**

8        13.    Plaintiff is a 56-year-old woman who was employed by Defendants as a merchandise

9    coordinator at their HomeGoods retail location in Tarzana, California, from February 6, 2018, until

10   approximately September 2019.

11       14.    The position entailed, amongst other things, ensuring that the merchandise flows to

12   the sales floor; ensuring the creation and maintenance of current, fresh and fashionable features;

13   providing customer service; processing cash register transactions; and approving returns.

14       15.    Throughout the duration of her employment, Plaintiff had a stellar performance

15   record, and was even named "Associate of the Quarter" in 2018.

16       16.    On June 23, 2018, Plaintiff was injured on the job at HomeGoods.

17       17.    The day before, on June 22, 2018, Plaintiff was notified by her supervisors that

18   persons from corporate would be visiting the store the following day, and she needed to prepare the

19   store accordingly.

20       18.    Plaintiff's assistant manager, April, informed the employees, including Plaintiff, that

21   they needed to organize and update the table presentations and displays.  Plaintiff was instructed to

22   go to the stock room and "pull the soft" which was code for bedding and pillows.

23       19.    Plaintiff went to the designated area in the stock room labeled "soft goods."  When

24   Plaintiff started to pull one of the boxes down, they began to avalanche on top of her.  The corner of

25   the box struck Plaintiff on the side of her mouth, dislodging a crown and disorienting Plaintiff.

26   Then, another box fell down, hitting Plaintiff in the back of her head.  Additional boxes began

27   cascading on top of her.  Plaintiff's leg became caught and twisted, causing her knee to pop out.

28   Plaintiff fell to the ground as the boxes kept falling on top of her.

20.     The boxes fell on top off Plaintiff, pinning her to the ground and trapping her underneath.  Plaintiff was afraid to move because every time she attempt to free herself, more boxes would fall on top of her.

21.     Throughout the duration of her employment, the stock room was not properly organized and maintained.  When the boxes were unloaded off the trucks, they were not placed in their proper designated areas but rather wherever there was room.  The boxes that fell on top of Plaintiff were extremely heavy, containing kitchen items such as dishes and heavy cooking skillets, as well as gardening items such as gardening pots and planters.

22.     Plaintiff was trapped under the boxes, screaming for help; however, no one was around and no one could hear her.  Fortunately, Plaintiff had her phone with her and was able to call the store to inform someone that she was trapped in the stock room under the boxes.

23.     Finally, Plaintiff's supervisor came to assist her. Plaintiff's supervisor recognized that Plaintiff was badly hurt; however, she did not instruct or even advise Plaintiff to seek medical attention.  To the contrary, she told Plaintiff that she was required to continue working despite having obvious injuries and being in physical pain.  Plaintiff was given ice, over the counter pain medication and propped against a table so that she could continue setting up the table displays. Plaintiff's supervisors did not report her injuries, and discouraged Plaintiff from reporting it herself.

24.     The following day, Plaintiff sought medical attention for her injuries.  Plaintiff returned to work and informed her supervisors that she sought medication attention, and provided them with medical documentation evidencing the extent of her injuries that she sustained while on the job the day before.  It was only then that they reluctantly acknowledged that she needed to report the injuries to the workers' compensation department.  However, even then, Plaintiff's supervisors did not report the injury but rather instructed Plaintiff to report it herself.  Plaintiff's supervisors did not provide her with appropriate documents and forms, and in fact, did not even that they were required to provide her with a DWC-1 claim form.  Additionally, Plaintiff was instructed by her supervisors to only report the injury to her knee, and to not report the injuries she sustained to her jaw/mouth and back.

//

- 4 -
COMPLAINT

1       25.    Plaintiff submitted the appropriate medical paperwork from her primary treating

2   physician noting her injuries and restrictions.  However, when Plaintiff returned with restrictions,

3   those restrictions were disregarded, further aggravating her injuries. Shortly thereafter, Plaintiff was

4   on workers' compensation leave.  During this time Plaintiff submitted the appropriate medical

5   paperwork.

6       26.    In or about April 2019, Plaintiff was asked to return to work.  When she arrived, her

7   supervisor, Jorge, made comments to her that due to her age and injuries, Plaintiff was a high risk

8   and a liability, and therefore could not work.  Plaintiff reported, or attempted to report these

9   comments and the fact that her supervisor was treating her differently and negatively because of her

10  age, injuries and disability.

11      27.    In or about September 2019, Plaintiff received a letter notifying her that she no

12  longer qualified for health insurance coverage due to the qualifying event of termination. Plaintiff

13  did not receive a separation letter or other notice regarding her termination.

14      28.    *Economic damages*: As a consequence of Defendants' conduct, Plaintiff has suffered

15  and will suffer harm, including lost past and future income and employment benefits, damage to her

16  career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid

17  wages at the legal rate from and after each payday on which those wages should have been paid, in

18  a sum according to proof at trial.

19      29.    *Non-economic damages*: As a consequence of Defendants' conduct, Plaintiff has

20  suffered and will suffer psychological and emotional distress, humiliation, and mental and physical

21  pain and anguish, in a sum to be proven at trial.

22      30.    *Punitive damages*: Defendants' conduct constitutes oppression, fraud, and/or malice

23  under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary

24  and/or punitive damages.

25      31.    *Malice*: Defendants' conduct was committed with malice within the meaning of

26  California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury

27  to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating

28  plaintiff's employment and/or taking other adverse job actions against plaintiff, and/or (b)

1  Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's

2  rights, health, and safety, including plaintiff's right to be free of discrimination, harassment,

3  retaliation, and wrongful employment termination.

4      32.  *Oppression*: In addition, and/or alternatively, Defendants' conduct was committed

5  with oppression within the meaning of California Civil Code section 3294, including that

6  Defendants' actions against plaintiff because of his age, association with older people and people

7  with disabilities, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and

8  unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination,

9  harassment, retaliation, and wrongful employment termination.

10     33.  *Fraud*: In addition, and/or alternatively, Defendants' conduct, as alleged, was

11 fraudulent within the meaning of California Civil Code section 3294, including the fact that

12 Defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other

13 adverse job actions, thereby to harm plaintiff and deprive him of legal rights.

14     34.  *Attorneys' fees*: Plaintiff has incurred and continues to incur legal expenses and

15 attorneys' fees.

16                          **FIRST CAUSE OF ACTION**

17      Violation of Gov't Code §12940(a) – Discrimination on the Basis of Age, Disability, Etc.

18                      (Against All Defendants, and DOES 1-20, inclusive)

19     35.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34, inclusive,

20 of this Complaint as though fully set forth herein.

21     36.  At all times mentioned herein, the Fair Employment and Housing Act, California

22 Government Code section 12900 *et seq.* ("FEHA"), was in full force and effect and binding upon

23 Defendants. This statute requires defendants to refrain from discriminating against any employee

24 because but not limited to he or she is more than 40 years old, suffers from an actual or perceived

25 disability, took a medical leave, made a protected complaint, or because of the employee's race,

26 color, ancestry, or national origin. Further, Government Code section 12926(o) requires defendants

27 to refrain from discriminating against any employee because he or she is associated with someone

28 who is 40 years of age or older.

37.     Plaintiff's age, association with employees 40 years of age or older and/or employees, disability and other characteristics protected by FEHA, Government Code section 12900, et seq., were substantial motivating factors in Defendants' decision to terminate Plaintiff's employment, to demote Plaintiff, not to retain, hire, or otherwise employ Plaintiff in any position, to harass Plaintiff, and/or to take other adverse job actions against Plaintiff, according to proof.

38.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits.

39.     As a further direct and proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety, fear and injury to her reputation, in an amount to be proven at trial.

40.     Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff.  As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

41.     Plaintiff is informed and believes and, on that basis, alleges that Defendants, through their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated, sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or supervisory employees of Defendants toward Plaintiff.  As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

42.     By reason of Defendants' conduct alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in addition to other damages as provided by law and as alleged herein.

43.     Plaintiff also seeks prejudgment interest and costs of action as provided by law.

//

//

**SECOND CAUSE OF ACTION**

Violation of Gov't Code §12940(k) – Failure to Prevent Discrimination, Harassment and Retaliation

(Against All Defendants, and DOES 1-20, inclusive)

44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, inclusive, of this Complaint as though fully set forth herein.

45.     At all times herein mentioned, FEHA, Government Code section 12940, et seq., was in full force and effect and was binding on Defendants. California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination and sexual harassment from occurring." Cal. Govt. Code § 12940(k).

46.     Defendants and their agents or employees failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation, and failed to remedy such discrimination and harassment in violation of Section 12940(k). During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's age, sex and/or gender, and/or or because Plaintiff had engaged in protected activity.

47.     In perpetrating the conduct alleged herein, Defendants engaged in a pattern, practice, policy, tradition, custom and usage of unlawful discrimination against and harassment of Plaintiff, denying Plaintiff the protections afforded to her under California Government Code section 12940. As a result, Defendants failed to prevent discrimination, harassment and retaliation.

48.     Plaintiff is informed and believes and, on that basis, alleges that she was subjected to discrimination, harassment and retaliation based on, age, disability, medical condition and/ or other protected status and/or protected activity.

49.     As a direct and proximate result of Defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits.

50.     As a further direct and proximate result of Defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer emotional distress, mental

anguish, depression, humiliation, embarrassment, anxiety, fear and injury to her reputation, in an amount to be proven at trial.

51.     Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff.  As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

52.     Plaintiff is informed and believes and, on that basis, alleges that Defendants, through their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated, sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or supervisory employees of Defendants toward Plaintiff.  As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

53.     By reason of Defendants' conduct alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in addition to other damages as provided by law and as alleged herein.

54.     Plaintiff also seeks prejudgment interest and costs of action as provided by law.

### THIRD CAUSE OF ACTION

Violation of Gov't Code §12940(h) – Retaliation

(Against All Defendants, and DOES 1-20, inclusive)

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56.     At all times herein mentioned, FEHA, Government Code section 12940, et seq., was in full force and effect and was binding on Defendants. This statute requires defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA, opposing Defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

57.     Government Code section 12940(h) makes it an unlawful employment practice for "any employer or person" to retaliate against an employee because that employee has opposed a discriminatory practice such as discrimination or harassment or any other practice forbidden under this part. Cal. Govt. Code § 12940(h).

58.     Plaintiff's age, disability, medical condition, and/or other characteristics protected by FEHA, Government Code section 12900, et seq., were substantial motivating factors in Defendants' decision to terminate Plaintiff's employment, to demote Plaintiff, not to retain, hire, or otherwise employ Plaintiff in any position, and/or take other adverse job actions against Plaintiff.

59.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12940(h), and Defendants committed unlawful employment practices, including violating the above statute and regulations, by retaliating against Plaintiff for seeking to exercise her rights guaranteed under FEHA.

60.     As alleged herein, Plaintiff complained of Defendants' discriminatory and harassing practices, and was terminated because she attempted to exercise the rights afforded to her under the FEHA. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of Section 12940(h).

61.     As a direct and proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits.

62.     As a further direct and proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety, fear and injury to her reputation, in an amount to be proven at trial.

63.     Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff.  As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

//

1      64.    Plaintiff is informed and believes and, on that basis, alleges that Defendants, through

2  their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated,

3  sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or

4  supervisory employees of Defendants toward Plaintiff.  As such, Plaintiff is entitled to punitive

5  damages, in an amount to be proven at trial.

6      65.    By reason of Defendants' conduct alleged herein, Plaintiff has incurred and

7  continues to incur legal expenses and attorneys' fees.  As such, Plaintiff is entitled to recover

8  reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in

9  addition to other damages as provided by law and as alleged herein.

10      66.    Plaintiff also seeks prejudgment interest and costs of action as provided by law.

11                          **FOURTH CAUSE OF ACTION**

12                  Wrongful Termination in Violation of Public Policy

13                  (Against All Defendants, and DOES 1-20, inclusive)

14      67.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66, inclusive,

15  of this Complaint as though fully set forth herein.

16      68.    Defendants terminated Plaintiff in violation of fundamental, substantial, and well-

17  established public policies as set forth in various state statutes and Constitutional provisions,

18  including but not limited to the FEHA, Article 1 Section 8 of the California Constitution and Labor

19  Code section 1102.5.

20      69.    By reason of the aforementioned conduct and circumstances, Defendants, and each

21  of them, violated the fundamental public policies of the State of California, as set forth in the FEHA

22  and California Constitution which mandates that employees be free from unlawful discrimination,

23  harassment and retaliation. As a further result of the aforesaid conduct of Defendants, Plaintiff has

24  been deprived of her right to a work environment free from discrimination, harassment and

25  retaliation.

26      70.    As a direct and proximate result of Defendants' willful, knowing and intentional

27  misconduct, Plaintiff has suffered and continues to suffer economic losses including substantial

28  losses of earnings and other employment benefits.

71.     As a further direct and proximate result of Defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety, fear and injury to her reputation, in an amount to be proven at trial.

72.     Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff.  As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

73.     Plaintiff is informed and believes and, on that basis, alleges that Defendants, through their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated, sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or supervisory employees of Defendants toward Plaintiff.  As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

74.     By reason of Defendants' conduct alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in addition to other damages as provided by law and as alleged herein.

75.     Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## FIFTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

(Against All Defendants, and DOES 1-20, inclusive)

76.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 75, inclusive, of this Complaint as though fully set forth herein.

77.     Defendants, and each of them, owed a duty of due care to Plaintiff as an employee to provide Plaintiff with a safe workplace and free from unfair treatment, discrimination, harassment, and retaliation.

78.     Defendants, and each of them, breached this duty of care by committing affirmative acts or omissions, as alleged herein.  Defendants engaged in extreme and outrageous conduct, as

- 12 -

1   described herein, towards Plaintiff with the intention to cause, or with reckless disregard of the

2   probability of causing, Plaintiff to suffer severe emotional distress, and with wanton and reckless

3   disregard for the injurious result to Plaintiff.  Said conduct exceeded the inherent risks of

4   employment and was not the sort of conduct normally expected to occur in the workplace.

5       79.   As a direct and proximate result of Defendants' extreme and outrageous conduct,

6   Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression,

7   humiliation, embarrassment, anxiety and fear, in an amount to be proven at trial.

8       80.   As a further direct and proximate result of Defendants' extreme and outrageous

9   conduct, Plaintiff has suffered and continues to suffer economic losses including substantial losses

10  of earnings and other employment benefits as a result of being emotionally distressed.

11      81.   Plaintiff is informed and believes and, on that basis, alleges that the conduct of

12  Defendants, and each of them, was done with oppression and malice; with a conscious disregard

13  and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring

14  Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

15      82.   Plaintiff is informed and believes and, on that basis, alleges that Defendants, through

16  their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated,

17  sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or

18  supervisory employees of Defendants toward Plaintiff.  As such, Plaintiff is entitled to punitive

19  damages, in an amount to be proven at trial.

20                      **SIXTH CAUSE OF ACTION**

21                Negligent Hiring, Retention, Training and Supervision

22                  (Against All Defendants, and DOES 1-20, inclusive)

23      83.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82, inclusive,

24  of this Complaint as though fully set forth herein.

25      84.   Defendants owed a a duty of care to Plaintiff, as an employee, in the screening,

26  hiring and training capable and qualified individuals to serve as Plaintiff's supervisors. Defendants

27  owed a duty to persons situated similarly to Plaintiff properly to oversee and direct superior

28  personnel.

                              - 13 -

85.     As a direct and proximate cause of the negligent and reckless actions, inactions and omissions of Defendants, and each of them, Plaintiff has suffered and continues to suffer, serious injuries to her physical and mental health, and suffered and continues to suffer, extreme pain, emotional distress, mental anguish, humiliation, anxiety, fear and mental pain, in an amount to be proven at trial.

86.     As a direct and proximate cause of the negligent and reckless actions, inactions and omissions of Defendants, and each of them, Plaintiff was required to and did employ physicians and other health care providers, and incurred medical expenses in an amount as yet to be fully ascertained, but which will be proven at trial.

87.     Plaintiff is informed and believes, and on that basis, alleges that as a direct and proximate cause of the negligent and reckless actions, inactions and omissions of Defendants, and each of them, Plaintiff will be required to incur future medical expenses, in an amount to be proven at trial.

88.     Plaintiff informed and believes, and on that basis, alleges that the conduct of Defendants, and each of them, was done with oppression and malice, with a conscious disregard and reckless indifference for Plaintiff's rights and safety so as to warrant the imposition of punitive damages, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

(Against All Defendants, and DOES 1-20, inclusive)

89.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 88, inclusive, of this Complaint as though fully set forth herein.

90.     In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees is not found to be intentional, it was negligent and Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress.

91.     Defendants, and each of them, owed a duty of due care to Plaintiff as an employee to provide Plaintiff with a workplace free from unfair treatment, discrimination, harassment, and retaliation.

92.     At all relevant times herein, Defendants had the power, ability, authority, and duty to intervene, supervise, prohibit, control, regulate, discipline, or penalize Defendants and/or their supervisors, agents, or employees.

93.     Despite having the knowledge, power, and duty, Defendants negligently and carelessly failed to act to prevent, supervise, prohibit, control, regulate, discipline, or penalize such conduct, acts, and failures to act or otherwise to protect Plaintiff.

94.     At all relevant times herein, Defendants' failure to protect Plaintiff and adequately to supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts, and failures to act of their supervisors, agents, and employees violated Plaintiff's rights.

95.     Defendants, and each of them, breached this duty of care by committing affirmative acts or omissions, as alleged herein.  Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

96.     Defendants, and each of them, knew or should have known that said conduct would cause Plaintiff extreme emotional distress.

97.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety and fear, in an amount to be proven at trial.

98.     As a further direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

## **EIGHTH CAUSE OF ACTION**

Violation of California Business and Professions Code §§ 17200 et. seq.

(Against All Defendants, and DOES 1-20, inclusive)

99.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 98, inclusive, of this Complaint as though fully set forth herein.

100.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

1     101.    Defendants' activities, as alleged herein, are violations of California law, and

2  constitute unlawful business acts and practices in violation of California Business & Professions

3  Code sections 17200, *et seq.*

4     102.    A violation of California Business & Professions Code sections 17200, *et seq.* may

5  be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies

6  and practices have violated state law in at least the following respects:

7          a.  Discriminating against Plaintiff in violation of California Government Code section

8              12940(a);

9          b.  Harassing Plaintiff and fostering a hostile work environment in violation of

10             California Government Code section 12940(j);

11         c.  Failing to prevent discrimination, harassment and retaliation towards Plaintiff in

12             violation of California Government Code section 12940(k);

13         d.  Retaliating against Plaintiff in violation of California Government Code section

14             12940(h);

15         e.  Wrongfully terminating Plaintiff in violation of public policy

16    103.    Pursuant to California Business & Professions Code sections 17200 *et seq.,* Plaintiff

17  is entitled to restitution of the wages and seeks the Court to enjoin Defendants from conducting this

18  behavior in the future; and an award of attorneys' fees pursuant to California Code of Civil

19  Procedure section 1021.5 and other applicable laws; and an award of costs.

20                              **PRAYER FOR RELIEF**

21    WHEREFORE, Plaintiff prays for judgment and relief against Defendants, jointly and

22  severally, as follows:

23     1.  For general damages, according to proof;

24     2.  For special damages, according to proof;

25     3.  For compensatory damages, according to proof;

26     4.  For statutory damages, according to proof;

27     5.  For punitive damages, according to proof;

28

6. Attorneys' fees, expenses and costs of action pursuant to Government Code§ 12965(b), California Code of Civil Procedure § 1021.5, and other applicable provisions of law;

7. Pre-judgment and post-judgment interest as allowed by law; and

8. For such additional and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff demands trial of this matter by jury. The amount demanded exceeds $25,0000 (Government Code § 72055).


Dated: July 7, 2021                                  BRAUNSTEIN & BRAUNSTEIN, P.C

By:_____
    George G. Braunstein
    Clark Anthony Braunstein
    Annie Berlin
    Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 07/07/2021 04:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo,Deputy Clerk

Case 2:21-cv-06649-DMG-MAR Document 1-1 Filed 08/17/21 Page 24 of 43 Page ID #:39

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): VECV00892<br>George G. Braunstein, Esq. (SBN 134602) / Annie Berlin, Esq. (SBN 290508)<br>Braunstein & Braunstein, P.C.<br>11755 Wilshire Blvd., Suite 1600, Los Angeles, CA 90025<br><br>TELEPHONE NO.: (310) 914-4999     FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name)*: Reja Spaeny | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS: 6230 Sylmar Ave.
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Van Nuys Courthouse East

CASE NAME:
Reja Spaeny v. The TJX Companies, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | |
| | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
     issues that will be time-consuming to resolve      courts in other counties, states, or countries, or in a federal
c. [ ] Substantial amount of documentary evidence      court
                                     f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify)*: Eight
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 7, 2021

Annie Berlin, Esq.
_____               ▶ _____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Spaeny v. The TJX Companies, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Spaeny v. The TJX Companies, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Spaeny v. The TJX Companies, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Spaeny v. The TJX Companies, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>5330 Reseda Blvd. |
|---|---|

| CITY:<br>Tarzana | STATE:<br>CA | ZIP CODE:<br>91356 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Northwest___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___July 7, 2021___

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/07/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____A. Salcedo_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21VECV00892 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

|   | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Bernie C. LaForteza | U | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/07/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By A. Salcedo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/08/2021** |
| PLAINTIFF:<br>Reja Spaeny | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ E. Vince Cruz _____ Deputy |
| DEFENDANT:<br>The TJX Companies, Inc., a Delaware Corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>21VECV00892 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date:<br>11/09/2021 | Time:<br>8:30 AM | Dept.:<br>U |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _07/08/2021_                                    _____ Bernie C. LaForteza / Judge _____
                                                                                    Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Van Nuys_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Clark Braunstein
11755 Wilshire Blvd, Ste 1600

Los Angeles, CA 90025                                    Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _07/08/2021_____                          By _E. Vince Cruz_____
                                                                                         Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.
    
    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

    **a.  The Civil Mediation Vendor Resource List**
        If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

        • **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
        • **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
        • **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
            o  Only MCLA provides mediation in person, by phone and by videoconference.

      **These organizations cannot accept every case and they may decline cases at their discretion.**
        Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
        NOTE:  This program does not accept family law, probate, or small claims cases.

    **b.  Los Angeles County Dispute Resolution Programs**
        https://wdacs.lacounty.gov/programs/drp/
        • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
            o  Free, day- of- trial mediations at the courthouse. No appointment needed.
            o  Free or low-cost mediations before the day of trial.
            o  For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
                http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

    **c.  Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
    (INSERT DATE)          (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____     > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____     > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____     > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)               **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11     (pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                            FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.   If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.   If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

### The following parties stipulate:

Date:
_____        ➤    _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:
_____        ➤    _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:
_____        ➤    _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:
_____        ➤    _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:
_____        ➤    _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:
_____        ➤    _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:
_____        ➤    _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one-paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

➤ _____
         (TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
         (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
         (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
         (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
         (TYPE OR PRINT NAME)            (ATTORNEY FOR _____ )

Date: _____

➤ _____
         (TYPE OR PRINT NAME)            (ATTORNEY FOR _____ )

Date: _____

➤ _____
         (TYPE OR PRINT NAME)            (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
                                JUDICIAL OFFICER